**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THOMAS ALEXANDER WILKINS,** | **CASE NO. CV F 13-1943 LJO JLT** |
| Plaintiff, | **RESPONSE RE "PLAINTIFF'S NOTICE OF ACCEPTANCE OF JUDGE O'NEILL'S DISQUALIFICATION FOR CAUSE"** |
| vs. | |
| **GENERAL ELECTRIC CORPORATION, et al.,** | |
| Defendants. | |

On May 11, 2014, Plaintiff filed in this closed case a document entitled "Plaintiff's Notice of Acceptance of Judge O'Neill's Disqualification for Cause." Doc. 25. In it, Plaintiff makes numerous misrepresentations that must be corrected to maintain an accurate record.

By way of background, this case is related *to General Electric Company, et al. v. Wilkins*, 1:10-cv-00674 LJO JLT ("*GE v. Wilkins*"). *GE v. Wilkins* was originally randomly assigned to the undersigned District Judge, who, based upon a review of <u>then-listed</u> conflicts, recused himself on April 20, 2010. *GE v. Wilkins*, Doc. 8. *GE v. Wilkins* was then reassigned to Chief Judge Anthony W. Ishii, who in turn reassigned to case to District Judge Oliver W. Wanger on April 28, 2010. *GE v. Wilkins*, Docs. 8 & 9. Judge Wanger presided over numerous pretrial motions until his retirement in October 2011. *See* Doc. 245. The case was then randomly reassigned to the undersigned District Judge. *See* Docs. 248. Based upon a review of

1

conflicts present at the time of reassignment (and it is now questionable that any actual conflict existed in April 2010), the undersigned did not automatically recuse himself. No party raised the issue of recusal at any time during the pendency of GE v. Wilkins. After a multi-day bench trial addressing highly complex issues of patent law pertaining to wind turbine technologies, the Court issued Findings of Fact and Conclusions of Law on November 29, 2012. Doc. 744. Judgment was entered on November 29, 2012 in favor of the plaintiffs in *GE v. Wilkins* (hereinafter the "GE Parties") and against Mr. Wilkins. Doc. 744.

On November 29, 2013, Mr. Wilkins filed a Complaint in the above-captioned matter, asserting claims for malicious prosecution and abuse of process against the GE Parties and their counsel. Doc. 1. On January 15, 2014, Mr. Wilkins filed a "Motion for Judicial Recusal" asserting the undersigned: (1) had a financial interest in General Electric, one of the named Defendants in the present case; (b) used to work as a partner in McCormick Barstow Sheppard Wayte & Carruth LLP, another of the named Defendants in the present case; and (3) is friends with and has a close working relationship with Mr. Lowell T. Carruth, yet another named Defendant. Doc. 19 at 2-3.

In response, on January 27, 2014, the undersigned filed a Declaration stating, in pertinent part:

> I have considered plaintiff's papers to seek my recusal from this action. Although I am aware of imminent resolution by way of dismissal, I respond to the only substantive, credible and of-concern allegation in plaintiff's recusal papers -- that of having a financial interest in General Electric Company.
>
> For the past 30 years, my financial investments have been handled by a financial consultant corporation. I was surprised by plaintiff's statement that I had any ownership having to do with General Electric Corporation. As such, I personally spoke with the vice president of the financial consultant corporation, after I had reviewed the annual financial disclosure form showing a small ownership in a General Electric Capital Corporation bond. Although I have no knowledge of the matter, plaintiff's recusal papers allege that General Electric Capital Corporation is a subsidiary corporation to General Electric Company. The vice president of the financial consultant corporation assures me that I own no bond with General Electric Capital Corporation and that based on his review of records, I have not owned any such bond for as far as his records show, more than five years. Obviously, that alleged, non-existent asset will be removed from my soon-to-be-filed financial disclosure form.

Doc. 22.

Having found no actual conflict or appearance thereof, the Court did not recuse itself from this action. In an abundance of caution, however, and while the undersigned began researching the alleged conflict, the undersigned asked District Judge Anthony W. Ishii, the only other sitting District Judge in this Division of this District to review and sign the only then-pending matter in this case: the parties stipulated dismissal of the entire action. Judge Ishii reviewed and signed the dismissal, and the case was closed. Doc. 23.

On May 11, 2014, some four and a half months later, but only several days after the Court of Appeals for the Federal Circuit affirmed this Court's ruling in *GE v. Wilkins*, Mr. Wilkins filed his "Notice of Acceptance of Judge O'Neill's Disqualification for Cause." In it Mr. Wilkins asserts that the undersigned found his earlier allegations regarding disqualification "substantive, credible, and of concern." Doc. 25 at 3. This is an obvious misrepresentation of the undersigned's Declaration. Far from adopting any of Mr. Wilkins' asserted grounds for recusal, the Court merely used the phrase "substantive, credible and of-concern allegation" to highlight the only asserted ground that warranted serious consideration and inquiry by the Court. As indicated in the Declaration quote provided above, the Court investigated the assertion, explained the factual circumstances, and found no basis for recusal. The fact that Judge Ishii was asked to sign the dismissal order, a largely administrative task, should not be taken as a finding of merit as to any of Mr. Wilkins' asserted grounds.

IT IS SO ORDERED.

Dated:   **May 12, 2014**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE